UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-20007-FAM

NELSON E. KRIGER AND
INGE SCHOENLANK KRIGER,

        Plaintiffs,
vs.

NATIONSTAR MORTGAGE, LLC,

        Defendant.
_____/

## RULE 26(f) CONFERENCE AND JOINT SCHEDULING REPORT

Pursuant to Rule 26(f), Federal Rules of Civil Procedure, and Southern District Local Rule 16.1(b)(2) and (3), Plaintiffs, Nelson E. Kriger and Inge Schoenlank Kriger ("Plaintiffs") and Defendant, Nationstar Mortgage LLC ("Defendant"), hereby submit the following Scheduling Report and Discovery Plan.

**I.     Scheduling Conference Report**

The Parties have conferred on the following issues enumerated in Local Rule 16.1 and submit the following:

    **A.     Likelihood of Settlement.**

The Parties have discussed settlement and believe at this time that settlement is possible and will continue to endeavor to reach an amicable resolution.

    **B.     Likelihood of Appearance of Additional Parties.**

The Parties do not anticipate the need for additional Parties to appear in this case; however, investigations are ongoing.

  C. **Limits on Time.**

The Parties proposed pretrial deadlines are attached hereto as Exhibit A.

  D. **Proposals for the Formulation and Simplification of Issues; Number and Timing of Motions for Summary Judgment.**

The Parties will endeavor to simplify the trial of this case by mutual agreement of certain issues and facts, and by motions for summary judgment on other issues, if possible.

  E. **Necessity and Desirability of Amendments to the Pleadings.**

The Parties do not currently anticipate any other amendments to the pleadings, other than amendments as of right or amendments directed by the Court after motion practice, and will comply with the deadline for amendments as set forth in the Court's scheduling order.

  F. **Possibility of Obtaining Admissions of Fact, Electronically Stored Information, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence.**

The Parties will strive to resolve any disputed issues of fact and will, whenever possible, stipulate to the operative facts. The Parties have discussed discovery and will endeavor to obtain agreements and stipulations concerning electronically stored information, if implicated, and other matters which will avoid unnecessary proof.

  G. **Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence.**

The Parties agree to work together to simplify the issues and stipulate to as many facts as possible.

  H. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The Parties do not consent to referring matters in this case to a United States Magistrate Judge.

> **I.  Preliminary Estimate of the Time Required for Trial.**

The Parties agree that the trial of this matter should take approximately 2-3 days and be assigned to the standard track. This estimate is based on the Parties' current understanding of the issues involved in the claims, and is subject to change based on the Parties' ongoing efforts to narrow and refine the issues and stipulate to certain facts.

> **J.  Requested Date or Dates for Conferences Before Trial, Final Pretrial Conference, and Trial**

The Parties proposed pretrial deadlines are attached hereto as Exhibit A.

> **K.  Any Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

Plaintiff has demanded a jury trial

> **II.  Discovery Plan**

The parties recommend that discovery be conducted as set out in Fed. R. Civ. P. 26, and S.D. Fla. L. R. 26.1.

> **A.  Changes to the Timing, Form, or Requirement for Disclosures under Rule 26(a)**

The Parties have agreed that no changes should be made in the form or requirement to the Rule 26(a) disclosures. The Parties will exchange Rule 26(a) disclosures within thirty (30) days of this Joint Scheduling Report.

> **B.  Subjects on Which Discovery May be Needed; When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or be Limited to or Focused on Particular Issues.**

The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendant. The Parties agree that it is appropriate to divide discovery into fact discovery and

expert discovery.

      **C.**    **Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced.**

The parties agree that to the extent that electronically stored information is to be produced, it will be produced in .pdf format pursuant to any Request Produce. To the extent electronically stored information is not readily accessible; the Parties agree to follow the guidelines provided in Fed. R. Civ. P. 26(b)(2)(B).

      **D.**    **Any Issues about Claims or Privilege or of Protection as Trial Preparation Materials, Including – if the Parties Agree on a Procedure to Assert These Claims after Production – Whether to Ask the Court to Include Their Agreement in an Order.**

The responding party to discovery shall provide a privilege log for all material withheld from a production on the basis of privilege, work-product doctrine, or any other claimed protection(s). The parties agree that the production of privilege logs shall not be deferred until the end of discovery or until all documents are produced. Each time a party produces a set of documents as part of its rolling production, it shall provide a log pertaining to that set of documents within thirty (30) days after the set of documents are produced, unless counsel agree otherwise. No party will be required to put on the privilege log documents that chronicle communications between the parties and their respective counsel made in relation to or in anticipation of this litigation unless they are independently relevant to the action. The parties also agree that privileged documents created after the date on which this action was filed, need not be identified on a privilege log, unless they are independently relevant to the action. Production of privileged material shall not be deemed a waiver of any privilege, and, if it is discovered that a party has produced privileged material, the provisions of Paragraph D(1) of this discovery plan shall apply.

**(1)** **<u>Return Of Disclosed Privileged Information</u>:** The parties agree to the following "claw back" provision:

(a) The disclosure or production of any document or other material that is subject to an objection on the basis of attorney-client privilege, work-product protection, or any other protection, including but not limited to information or documents that may be considered Confidential or Proprietary under any protective orders entered in this case, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating at a later date the information or document that is privileged or otherwise immune from disclosure. The producing party may at any time submit a request for the receiving party to return any such documents or material. Upon receiving such a request as to specific material or documents, the receiving party shall return the material or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim or privilege and/or work-product and/or other protection, and shall not make further use of the document(s) or material specified in the request. Also upon receiving a request from the producing party to return privileged or protected material or documents, the receiving party shall immediately notify any third-parties who possess the material or documents to which a claim has been made. Disclosure of the material or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this discovery plan. The parties expressly agree to waive the requirements of Federal Rule of Evidence 502(b), including but not limited to the requirement that a disclosure of privileged information be "inadvertent" to prevent the disclosure from operating as a waiver of privilege or other protection(s). This clawback provision is binding upon the

parties pursuant to Federal Rule of Evidence 502(e).

(b) Upon written notice of a production or disclosure of materials described in subsection (A) above, or oral notice if delivered at a deposition, the receiving party, and any third-parties in possession of the document(s) or material(s), must return or destroy the specified document(s) and/or material(s) and any hard copies the receiving party has within five (5) business days, and may not use or disclose the information. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents or materials from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

(c) To the extent that the information contained in a document or material subject to a claim of privilege or immunity has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will immediately take reasonable steps to sequester all such documents until the claim has been resolved. If the receiving party discloses the specified information before being notified to return the information pursuant to this provision, it must take reasonable steps to retrieve the information until the claim is resolved.

(d) If any receiving party is in receipt of a document or material from a producing party that the receiving party has reason to believe was unintentionally produced by the producing party, the receiving party shall in good faith take reasonable steps to notify the producing party of the production of that document or material so that the producing party may make a determination of whether to seek its return.

      (e)    Upon the designation of any document or material as privileged under the provisions of this Paragraph, either party may seek a protective order or move to compel discovery of the document or information designated as privileged in accordance with the procedures of the Federal Rules of Civil Procedure and the Local Rules.

      (f)    The parties will ensure that any third-parties who may possess documents or discovery material produced in this case are aware of the terms of this clawback provision and confirm their understanding of the same.

**(2)** **Protective Order**: In the event that the parties agree a protective order is necessary to protect information they believe should remain confidential, the parties shall work together to agree on a form and shall fully comply with the requirements of *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004) and *Ashcraft v. Conoco*, 218 F.3d 282 (4th Cir. 2000).

**E.** **What Changes Should be Made in the Limitations on Discovery Imposed under These Rules or by Local Rule, and What Other Limitations Should be Imposed.**

The parties do not anticipate any changes or limitations on the scope of discovery provided in Fed. R. Civ. P. 26(b).

**F.** **Any Other Orders that the Court Should Issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not anticipate the need for the court to issue any other orders pursuant to Fed. R. Civ. P. 26(c), or 16(b) and (c) at this time.

7

**CONSENT OF COUNSEL FOR DEFENDANT**

Pursuant to Rule 3J (3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel for Plaintiffs represents to the Court that counsel for Defendants has authorized him to affix her electronic signature to this Joint 26(f) Report.

| | |
|---|---|
| */s/Yechezkel Rodal*_____ | */s/ Emily Y. Rottmann*_____ |
| Yechezkel Rodal (FL Bar No. 91210) | Sara F. Holladay-Tobias (FL Bar No. 0026225) |
| chezky@floridaloanlawyers.com | sfhollad@mcguirewoods.com |
| LOAN LAWYERS, LLC | Emily Y. Rottmann (FL Bar No. 93154) |
| 2150 S. Andrews Avenue, 2nd Floor | erottmann@mcguirewoods.com |
| Ft. Lauderdale, Florida 33316 | C. H. Houston III (FL Bar No. 100268) |
| (954) 523-4357 / (954) 581-2786 (fax) | hhouston@mcguirewoods.com |
| *Attorneys and Trial Counsel for Plaintiffs* | MCGUIREWOODS LLP |
| *Nelson E. Kriger and Inge Schoenlank Kriger* | 50 N. Laura Street, Suite 3300 |
| | Jacksonville, Florida 32202 |
| | (904) 798-3200 / (904) 798-3207 (fax) |
| | *Attorneys and Trial Counsel for Defendant* |
| | *Nationstar Mortgage LLC* |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on April 14, 2015 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Sara F. Holladay-Tobias, Esq.
Emily Y. Rottmann, Esq.
C. H. Houston III, Esq.
McGuirewoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
sfhollad@mcguirewoods.com
erottmann@mcguirewoods.com
chouston@mcguirewoods.com
*Attorneys and Trial counsel for Defendant Nationstar Mortgage LLC*

                        LOAN LAWYERS, LLC
                        *Attorneys for Plaintiffs*
                        2150 S. Andrews Ave., 2nd Floor
                        Ft. Lauderdale, Florida 33316
                        Telephone:   (954) 523-4357
                        Facsimile:    (954) 581-2786

                        /s/*Yechezkel Rodal*_____
                        Yechezkel Rodal, Esq.
                        Florida Bar No.:  091210
                        E-Mail: chezky@floridaloanlawyers.com